## NEW-YORK COMMON PLEAS,

### A MARTINON DE SANTES agt. P. N. SEARLE.

A *motion* to strike out parts of a pleading as frivolous, is not governed by the rule applicable to *demurrers:* that is, if any part of the pleading is held good, the motion must be denied.

On motions, the court is not limited to granting the whole or none: they may be granted in part and denied in part.

Where the allegation of the plaintiff is, that the bill of exchange was made payable to the plaintiff, and was delivered to him; and the answer says, that the defendant has not any knowledge or information sufficient to form a belief whether the plaintiff is now the lawful owner and holder of the same, the answer is *frivolous.* There is no such allegation in the complaint as the answer attempts to put in issue, and none is necessary. A material issue might be taken on those that are made.

*General Term, Nov.* 1855.

THE motion is to strike out parts of an answer as frivolous. The action is to recover on four bills of exchange.

―― ―――― *for motion.*
―― ――― *opposed.*

INGRAHAM, First Judge. To the first bill mentioned in the complaint the defendant sets up in his answer matter in payment thereof. This is not objected to by the plaintiff.

To the second and third bills mentioned in the complaint, which are stated as having been made payable to the plaintiff, and having been delivered to him, the defendant in his answer says that he has not any knowledge or information sufficient to form a belief, whether the plaintiff is now the lawful owner and holder of the same.

There is no such allegation in the complaint as the defendant attempts to put in issue by this part of the answer; nor was it necessary that the complaint should contain it. The facts alleged are the making of the bill and the delivery to the plain-

De Santes agt. Searle.

tiff, to whose order it was payable. On either of these allega-tions the defendant, by a denial, could take issue. If he can-not do so, he has no defence to make by way of denial. If the plaintiff, since he received the bill, has passed it away to an-other person, that fact should be set up affirmatively in the an-swer, and in that way an issue would arise on the pleadings. The answer to the second and third count in the complaint is bad, and forms no defence.

The answer to the fourth count, or fourth bill of exchange, denies any knowledge, &c., as to the endorsement of the bill of exchange by the payee. This is undoubtedly sufficient, and forms a valid answer to the complaint in this respect, so as to render proof of that endorsement necessary on the trial of the cause.

It is objected that the motion is for judgment as to three counts, and is in the nature of a demurrer, and that if any one of the answers is good, the motion must be denied.

I do not understand that rule as applicable to a demurrer, to apply to a motion. The reason of the rule is, that a demurrer admits everything contained in a pleading to be true; and if so, and one part of the answer forms a good defence, the plead-ing cannot be said to be frivolous. Here, however, no such admission is made, and, on motions, the court is not limited to granting the whole or none. It is frequently the case that a motion is granted in part and denied in part. In such a case it may affect the question of costs, but not the right to grant the relief in part which is asked for.

In the present case the motion is granted as to the second and third bills of exchange mentioned in the pleadings. So much of the answer as refers to those bills is to be stricken out.